UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE KALLAI, an individual,

    Plaintiff,

vs.                                                                 CASE NO.:

VENICE NH, LLC d/b/a Sunset Lake
Health and Rehabilitation Center, a
foreign limited liability company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Michelle Kallai ("Plaintiff"), by and through undersigned counsel, sues Defendant, Venice NH, LLC d/b/a Sunset Lake Health and Rehabilitation Center ("Defendant"), and alleges as follows:

**INTRODUCTION**

1. This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred within the jurisdiction of the Middle District of Florida, Tampa Division.

## PARTIES

4. Plaintiff was and is a resident of Charlotte County, Florida. Plaintiff worked for Defendant in Sarasota County, Florida.

5. Defendant was and is a foreign limited liability company conducting business in Sarasota County, Florida.

6. At all times material, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(1); Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. § 203(a) and (d); and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

7. At all times material during the last three (3) years, Defendant was an employer as defined by U.S.C. § 203(d).

8. At all times material during the last three (3) years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

9. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Defendant is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

## GENERAL ALLEGATIONS

11. Defendant employed Plaintiff from approximately February 3, 2021 through in or around September 8, 2022.

12. Plaintiff worked for Defendant as a reimbursement specialist. Her job duties included conducting patient assessments for insurance reimbursement purposes.

13. Plaintiff's primary duties were not management-related; Plaintiff did not customarily and regularly direct the work of at least two or more employees; Plaintiff did not hire or fire employees for Defendant; and Plaintiff did not otherwise exercise discretion or independent judgment over matters of significance for Defendant.

14. Moreover, Plaintiff did not work in an occupation which has attained recognized professional status, requiring an advanced specialized academic degree as a standard prerequisite for entrance into the profession. As such, for FLSA purposes, Plaintiff was not employed in a *bona fide* executive, professional, or administrative capacity.

15. Defendant compensated Plaintiff on a salary basis of $35.00 per hour for forty (40) hours per week through July 31, 2022, when Defendant reduced Plaintiff's hourly rate to $27.00.

16. Despite claiming to pay Plaintiff on a salary basis, Plaintiff was not at any time exempt from the overtime provisions of the FLSA.

17. Defendant misclassified Plaintiff as an exempt employee.

18. Plaintiff regularly worked well in excess of forty (40) hours per week while employed by Defendant.

19. Despite working more than forty (40) hours in one or more workweeks while employed by Defendant, Plaintiff was not properly compensated at one and one-half (1 and 1/2) her regular rate for overtime hours worked. In fact, Plaintiff received no compensation whatsoever for hours worked over forty (40) in a workweek.

20. Furthermore, on occasions where Plaintiff would have to miss a few hours of work due to family illnesses or any other reason, Defendant required Plaintiff to use PTO time to make up for any hours she missed that week.

21. Defendant failed to keep proper time records for Plaintiff and requested that Plaintiff cease submitting timesheets after a few months of her employment. Plaintiff continued to record her hours worked to at least some extent. Beyond that, to the extent any additional time records for Plaintiff exist, Defendant would be in possession.

22. Plaintiff has retained counsel for this claim and is obligated to pay reasonable attorneys' fees and costs.

23. All conditions precedent to this lawsuit have been satisfied, waived, or excused.

## COUNT I
### (Overtime Due Under the FLSA)

24. Plaintiff hereby incorporates by reference the allegations contained within paragraphs 1 through 23 above.

25. Plaintiff worked more than forty (40) hours in a week for one or more weeks during her employment with Defendant.

26. Defendant failed to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek for one or more weeks during her employment with Defendant.

27. Defendant's failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

28. Defendant's violations of the FLSA were knowing and willful.

29. Defendant owes Plaintiff unpaid overtime compensation.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. accept jurisdiction over this action;

    b.    award damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c.    award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiff;

    d.    award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

    e.    entry of final judgment against Defendant;

    f.    declare that Plaintiff was a non-exempt employee of Defendant; and

    g.    award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

    s/ Bradley P. Rothman
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*